# Kahn & Feldman, Inc., *v.* Herbert et al., Appellants.

*Contract—Sale—Damages—Time of breach—Falling market—Charge—Request for charge—Special exception.*

1. In an action of assumpsit for breach of contract of sale by refusing to accept goods, where it appears that the breach might be found to have taken place at three different times with a wide difference in market value at such times, it is the duty of the court carefully to instruct the jury as to the finding of the date of the breach, and not to limit them to two possible dates.

2. In such case the instructions should be made, although there is no direct request from defendant so to charge, inasmuch as the defendant by making such request might prejudice his case before the jury.

3. If defendant excepts to the statement in the charge "as to the measure of damages," such exception is sufficient to raise the question as to the insufficiency of the charge on the subject of damages.

Argued January 14, 1924. Appeal, No. 192, Jan. T., 1924, by defendants, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1920, No. 824, on verdict for plaintiff, in case of Kahn & Feldman, Inc., v. Charles O. Herbert and Leon S. Herbert, copartners, trading as Herbert Hosiery Mill. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for breach of contract of sale by refusing to accept the goods. Before BALDRIGE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $32,304.63. Defendants appealed.

*Error assigned* was, inter alia, the inadequacy of the instructions as to the measure of damages, quoting instructions.

*Owen J. Roberts,* with him *Frederick C. Newbourg, Jr.,* for appellants.—The court's charge with reference to the date as of which plaintiff's damages were to be determined was inadequate: Shimer v. Elec. Smelting Corp., 273 Pa. 467; Pauza v. Coal Co., 231 Pa. 577; Seligman v. Beecher, 36 Pa. Superior Ct. 475.

*Daniel C. Donoughue,* with him *Ashton Deveraux* and *Chester N. Farr, Jr.,* for appellee.—A mere omission to charge is not error, in the absence of a request for such instruction: McCollum v. Coal Co., 250 Pa. 27.

OPINION BY MR. JUSTICE SCHAFFER, February 18, 1924:

There are two questions to be determined on this appeal by defendant, whether the charge of the court on the question of damages was adequate and whether the exception taken to that portion of the charge by appellant affords a sufficient basis for review.

The action was assumpsit for silk sold and delivered and for damages for breach of contract by failure of defendant to accept and pay for the remainder of the silk alleged to have been purchased.

In the disposition we shall make of the case, many of the facts connected with the transaction need not be outlined. It is sufficient to recite that the alleged contract was not in writing, that plaintiff claimed it was entered into, and affirmed by acceptance of part of the material, whereas defendant denied its existence entirely.

In measuring the damages for breach, if the jury concluded, as they did, that a contract had been made and broken, it then became very important that they should be carefully instructed as to finding the date of the breach because of the wide difference in market value of the commodity at the different times when a breach might be found to have taken place.

During the first two weeks in April, plaintiff made certain shipments of silk to defendant and upon their

receipt the latter claims to have notified the former that they had no outstanding contract for any additional material and that what had been received constituted an overshipment. In August, plaintiff made requests by letter for shipping directions and defendants replied denying the existence of any contract. Plaintiff points to this as the time of the breach, whereas defendant's proofs go to show that there was an absolute denial of a contract between them in April. The price of silk had dropped ten dollars a pound below the contract figure by August, while in April the difference in price was less than a dollar.

In instructing the jury, the trial judge so charged them that they must undoubtedly have concluded the contract was broken either in December, shortly after it was said to have been made, or in August, for he said nothing to them at all which would have brought to their attention that the breach might have been in April. From the evidence, they could have found it occurred then, and if they had, the damages would have been greatly lessened. Under the circumstances, we conclude this was error. In cases such as this, where the defense is non assumpsit, as in trespass cases where there is a denial of liability, it is very important for the court fully and adequately to charge on the question of damages (Shimer v. Penn Electric Smelting Co., 273 Pa. 467, 474; Burns v. Penna. R. R. Co., 233 Pa. 304, 310; Hockenberry v. New Castle Electric Co., 251 Pa. 394; Gerber v. Phila., 60 Pa. Superior Ct. 119 (KEPHART, J.); 17 Corpus Juris 1061, 1062) and do so without direct suggestion from the defendant, who, denying the basis of liability, would prejudice his real defense by a direct request for instructions on the measure of damages, as he would in effect say "I am not liable but if I am then I am answerable for only so much." Such an attitude would give the ordinary jury the impression of a confession of liability.

The same reasons which lie back of this rule for full and adequate instructions on the subject of damages apply to the question of practice in taking exceptions to the charge on the point. Exceptions to the charge are ordinarily taken in the presence of the jury. If counsel for defendant in challenging the charge in respect to the measure of damages is bound to particularize and ask for fuller instructions on that subject, when he had assumed the position throughout the trial that there should be no damages at all, he runs the danger of greatly prejudicing his position in the juror's minds by his last utterance in their presence. We think the exception on the record before us "to the statement as to the measure of damages" was sufficient to raise the main question that has been discussed.

The second and third assignments of error are sustained and a new trial ordered.