# Krajkowski *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Damages—Pleadings — Injury to heart — Amendment—Evidence—Earnings—Charge of court—Medical testimony.*

1. In a negligence case, where the statement of claim avers many wounds, cuts and contusions on numerous specified parts of the body, without any mention of any injuries to the heart, it is reversible error to permit plaintiff to offer evidence as to heart injuries.

2. If plaintiff did not set forth such injuries in his original statement because they had not developed at that time, he could have amended his statement before trial.

3. Where it is undisputed that plaintiff's weekly earnings after the accident were in excess of those prior thereto, the trial judge should point out the significance of such evidence and give the jury a clear understanding of its importance, and not merely content himself with reading the evidence on the subject of the earnings, and saying to the jury that they "ought to consider it from the legal point of view."

5. A trial judge cannot be charged with unfairly instructing the jury as to conflicting medical testimony, merely because he devotes more comment to the testimony offered on plaintiff's behalf than that adduced for defendant, where it appears that the charge generally on the subject was fair and impartial.

Argued November 28, 1924. Appeal, No. 66, Jan. T., 1925, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 6073, on verdict for plaintiff, in case of Ignatz Krajkowski v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,334, on which judgment was entered for $5,834, all above that amount having been remitted. Defendant appealed.

*Errors assigned* were various rulings and portions of charge sufficiently appearing by opinion of Supreme Court, quoting record.

*Chester N. Farr, Jr.,* for appellant.—The charge was inadequate: Reichenbach v. Ruddach, 127 Pa. 564; Lingle v. Ry., 214 Pa. 500; Fineburg v. Ry., 182 Pa. 97; Davies v. Transit Co., 228 Pa. 176; Chitwood v. Ry., 266 Pa. 435; Hays v. R. R., 195 Pa. 184; Herstine v. R. R., 151 Pa. 244.

*John J. McDevitt, Jr.,* with him *Nochem S. Winnet,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1925:

Plaintiff recovered a verdict in the court below for personal injuries received in a collision between two of defendant's cars; from the judgment entered thereon, defendant brings this appeal.

There was no dispute as to the defendant's negligence and the sole question involved was the amount of damages which should be awarded to the plaintiff. In the opinion of the trial judge, the verdict as rendered was excessive and he reduced it. It is one of the contentions of appellant that even as lowered it remunerates the plaintiff beyond his just desserts. This question it will not be necessary to determine.

The complaints of appellant to be passed upon are threefold: (1) that the trial judge in his charge did not make adequate reference to the testimony offered by defendant showing increased earnings by plaintiff, after the accident, over those received by him prior to its happening; (2) that the court did not adequately present to the jury the medical testimony in the case and unduly stressed that on behalf of the plaintiff; (3) that the court erred in admitting over objection testimony in regard to injuries to plaintiff's heart, such injuries not having been specifically set forth in the statement of

claim. These complaints dovetail into each other to a degree and will be treated more or less together.

There was sharp conflict in the testimony as to the effect of the injuries which plaintiff received upon his health and future earning power, the physicians called by him deeming them seriously impaired, while those summoned by the defendant voiced the conclusion that his health was restored and that his working capacity was unaffected. In connection with his physical condition, it was testified by his own physicians, over objection, that the plaintiff's heart action was impaired. It is contended by appellant that this evidence was improperly admitted, as there is no allegation in the statement of claim of injuries to the heart, whereas injuries to other parts of the body are specifically set forth. The statement of claim avers that as a result of defendant's negligence plaintiff "sustained various serious cuts, wounds, bruises, lacerations, contusions and injuries in and about his head, back, body and spine, both internally and externally, and injuries to his nervous and mental system; but more particularly, injuries to the head, face, back, spine, hips, abdomen, eyes, vision and hearing," without mention of any injuries whatever to his heart. To appellant's plea that under such a statement evidence of heart injuries was inadmissible, appellee replies that, (1) as a statement is prepared immediately after an accident, it is impossible to specify injuries to each organ, particularly to those which are internal; (2) appellant was put on notice by the claim for internal injuries and injuries to "his nervous and mental system"; (3) if appellant had desired a more specific statement, it had a remedy; (4) appellant's experts made an examination of appellee and presumably were ready to meet the testimony produced at the trial and hence appellant was not surprised or unprepared.

When we have in mind our liberal rules permitting amendments to statements of claim so long as a new cause of action is not introduced, there is no good rea-

son apparent why a plaintiff, when he undertakes to enumerate parts of the body injured and for which injuries he will claim damages, should not include the heart, the most important organ of the body, when he expects to have testimony produced to show impairment thereof. A jury is invariably impressed by a doctor's statement that a plaintiff's heart action has been affected as the result of a particular injury; defendant is entitled to specific notice of such a claim. If plaintiff did not set it forth in the original statement because it had not developed at that time, his statement could have been amended before trial. When there is no amendment to such a statement of claim as we have here, defendant ought to be able to rely upon the assumption that plaintiff's evidence will be confined to its averments. We are of opinion that it was error to admit this testimony and the first and second assignments must, therefore, be sustained.

So far as the alleged overdue emphasis of the medical testimony on plaintiff's behalf is concerned, our reading of the charges does not give this impression, but that the court was endeavoring to be impartial and fair. While it is true more comment was devoted to the medical testimony on plaintiff's behalf than to that adduced by defendant, this was largely owing to the fact that, in connection with what the court said about plaintiff's medical testimony, he reviewed the medical aspects of the case and the injuries. The charge was not such a one as was criticized in Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244, where the court refrained entirely from alluding to such testimony tending to show that the plaintiff's condition was not due to the injuries which he received. The assignments of error covering this feature of the case cannot be sustained.

The next objection to the conduct of the trial is that which relates to the court's treatment in its charge of the testimony offered by defendant in regard to the earnings of plaintiff shown to have been made after the acci-

dent. Plaintiff's earning ability after the accident and in the future was the vital problem in the case on the question of the amount of damages which should be assessed. At the time of the accident, which occurred on November 22, 1922, plaintiff was employed in a manufacturing concern. He went back to work for the same company during the week commencing February 11, 1923, three months after he was injured, and continued working until the following October. During the eight months of his employment in 1923 after the accident, he earned $853.49, whereas in the year 1922, when employed for eleven months, he earned only $659.08. During the latter part of his employment after the accident, he earned weekly wages much in excess of those paid to him prior thereto. The medical experts called by defendant testified in substance that they could find nothing in his condition which impaired his capacity to work, whereas witnesses called by plaintiff said his condition was such as to greatly impair his earning power in the future. When the trial judge came to put this important problem in the case before the jury, he said: "Then come two items of damage which are always difficult or almost always difficult to estimate. You have to rely on the evidence. They are the loss of earning power, and whether that is temporary or permanent. That in this case I should think would be a pretty difficult matter, but it is for you. There is some testimony or else I would not submit this question to you, that the man's earning power is diminished, and there is other testimony, and not mere parol testimony, but record testimony, we might almost call it—at any rate the testimony of figures taken from the books of his employers— that he earned more after the accident than he did before. And that is something you will have to consider. I do not care to put it in any argumentative way, but I want to call your attention to it, and in justice to the plaintiff and in justice to the company you ought to consider it from the legal point of view." Just what the

court meant by telling the jury that they ought to consider this phase of the case from the legal point of view is not clear. The fact had been shown that plaintiff's earnings after the accident were in excess of his earnings before, and it was most important to a just determination that the jury should give grave consideration to this situation and that the court should have pointed out to them how important this matter was in arriving at a proper conclusion as to whether plaintiff had suffered a loss of earning power. At the close of the charge the court asked counsel if they desired further instruction. Defendant's attorney called attention to the fact that the testimony as to plaintiff's earnings after the accident had not been adequately commented upon. Instead of the trial judge pointing out the significance of the evidence in this respect and giving the jury a clear understanding of its importance, all he did was to read in their hearing the evidence of the witness who had testified to the earnings of the plaintiff after the accident. In our view, this was not an adequate presentation of this feature of the case. We have ruled that when it comes to the question of damages the court should fully and adequately instruct the jury in order that they may have proper guidance to enable them to reach a just conclusion: Burns v. Penna. R. R. Co., 233 Pa. 304; Shimer v. Penn Electric Smelting Corp., 273 Pa. 467; Kahn & Feldman, Inc., v. Herbert, 279 Pa. 440; that is particularly so in a case such as this, where the only issue is the amount of the damages.

The first, second, fourth and sixth assignments of error are sustained and a venire facias de novo is awarded.