## Christman Estate.

Argued March 24, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*John P. Vallilee,* for appellant.

*Maurice L. Epstein,* with him *William G. Schrier, J. Roy Lilley* and *William P. Wilson,* for appellee.

OPINION BY HIRT, J., July 15, 1949:

On September 9, 1942, Irvine L. Christman, a pedestrian, was struck by an automobile driven by one Frank Waterman in the Borough of Athens, and was severely injured. Following his injury he attempted, over a period of more than six months, to effect a settlement of his claim for damages with Waterman and his insurance carrier but without success. He then retained Lilley and Wilson, of Towanda, Bradford County, as his attorneys to prosecute his claim. Christman was without funds and representation on a contingent basis of one-third of the ultimate recovery, plus necessary disbursements, was agreed upon. Suit was promptly brought and after a number of unavoidable delays the case was finally tried in the common pleas of Bradford

County at the May Term in 1944 and resulted in a verdict in favor of Christman for $7,500. At the trial plaintiff's physician testified that sometime before Christman's injury he had examined him and Christman then was in sound physical condition; but later he found a functional impairment of the heart which in his professional opinion was attributable to the injury. This testimony was allowed over the defendant's objection. On defendant's motion after verdict, a new trial was granted by the court, on the authority of *Krajkowski v. Phila. Rapid T. Co.*, 282 Pa. 104, 127 A. 429, for the reason that the plaintiff's statement did not specifically aver resulting injury to Christman's heart. Lilley and Wilson then filed an amended statement of claim containing an averment to that effect. Two days later, on July 27, 1944, Irvine L. Christman died and his widow, Pearl M. Christman, the appellant here, was appointed administratrix of his estate. On petition she was substituted of record as plaintiff in the pending action against Waterman and the case was listed for retrial at the December Term, 1944. In the meantime she had retained John P. Vallilee, a member of the local bar, to represent her as administratrix in the settlement of her husband's estate including the settlement of the trespass action. Vallilee, however, did not enter his appearance for her in that case. And she did not at any time terminate the services of Lilley and Wilson as attorneys in the prosecution of that action. About November 1, 1944, William P. Wilson, of the above law firm, was notified that the case had been settled. The circumstances of the settlement are disclosed by these admitted facts: Two minor children by a former marriage survived the decedent. W. G. Schrier, Esq., had been appointed their guardian. Without consulting the guardian of these minor children or Lilley and Wilson, and without their knowledge, John P. Vallilee settled the claim of the pending trespass action with Water-

man's insurance carrier for the sum of $2,500 and later obtained court approval of the settlement. This sum constituted the whole of the decedent's estate and the final account, before the lower court, showed a balance amounting to $1,719.30 after the payment of the widow's exemption and the costs of administration out of the proceeds of the settlement. Distribution of the fund was referred to an auditor appointed by the court.

The reasons for the settlement of the claim on the above basis can only be surmised. Decedent had been in good health prior to his injury; his yearly earnings were about $3,000 and he was but 44 years old when he died. The circumstances of the injury concededly charged Waterman with carelessness amounting almost to gross negligence in the operation of his automobile, and absolved the decedent from every suggestion of contributory negligence. Moreover there is no contention, and the common pleas did not find, that the verdict of $7,500 was excessive in amount.

The fund of $1,209.28 for distribution, after payment of the costs of the audit, was properly awarded to Lilley and Wilson by the auditor and his report was confirmed by the court. The administratrix had the legal right to settle the claim of her decedent directly with Waterman's insurance carrier. *Wahl v. Strous et al.*, 344 Pa. 402, 25 A. 2d 820. That settlement terminated Lilley and Wilson's contingent fee agreement and relegated them to a claim for services on quantum meruit. Cf. Annotation, L. R. A. 1917 F, 402, et seq. The fund for distribution was clearly raised as a result of their efforts and they had an equitable charging lien upon it to the extent of the value of their services. *Harris's Appeal, Jacoby's Appeal*, 323 Pa. 124, 129, 186 A. 92; *Smith et al. v. Keener*, 270 Pa. 578, 582, 113 A. 912; *McKelvy's and Sterrett's Appeals*, 108 Pa. 615. Under the evidence the value of their services which produced the fund exceeded the balance for distribu-

tion. The finding of the auditor to this effect affirmed by the court has the effect of a verdict of a jury. *Matheny Estate,* 164 Pa. Superior Ct. 18, 63 A. 2d 477.

We have referred to the above facts and the principles of law involved, although gratuitously, to indicate that the dispute was properly disposed of in the auditors' report as confirmed by the lower court. The amount of the fund in the hands of decedent's administratrix for distribution was admitted and the decree did not surcharge her or make distribution of a larger amount. She therefore was not a "party aggrieved" in the sense of the Act of June 7, 1917, P. L. 363, §22(a), 20 PS §2601, and had no standing to appeal from the decree in this case on any ground. *Reese's Estate,* 317 Pa. 473, 177 A. 792; *Hand's Estate,* 288 Pa. 569, 136 A. 864; *Wick's Estate,* 50 Pa. Superior Ct. 614. For this reason we need not refer to other questions, for the most part technical, sought to be raised by her here.

Order affirmed at appellant's costs.