423 A.2d 1

**Mertella BINKNEY and Angeline Hensler**

v.

**Gail OLINGER and Robert Olinger.**

**Appeal of Gail OLINGER.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Dec. 5, 1980.

S. Asher Winikoff, Pittsburgh, for appellants.

Edgar M. Snyder, Pittsburgh, for appellees.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment entered on a verdict in a trespass action by the Court of Common Pleas of Allegheny County, Civil Division, in the amount of $1000 in favor of plaintiff–appellee Binkney and in the amount of $20,000 in favor of the plaintiff–appellee Hensler; and from the denial of a new trial based on the introduction of testimony concerning the aggravation of a pre–existing condition caused by the automobile accident which gave rise to this action.

On October 12, 1973, appellant Gail Olinger while operating a vehicle owned by appellant Robert Olinger, struck a vehicle being operated by Mertella Binkney in the rear of the Binkney vehicle. Appellee Angeline Hensler was a passenger in the Binkney vehicle. Plaintiffs instituted suit against the Olingers on July 3, 1975. Pre–trial discovery was employed by both parties and trial commenced on November 18, 1977. The jury returned a verdict in favor of the plaintiff Binkney in the amount of $1,000 and in favor of the plaintiff Hensler in the amount of $20,000. After post–trial motions were denied by the court below on June 9, 1978, and judgment entered on the verdict, the defendant–appellants took this appeal.

The basis of defendants' appeal is that the court below erred when it permitted evidence to the effect that the automobile accident aggravated a pre–existing arthritic condition of the appellee, Angeline Hensler. Defendants' claim that the allowance of such evidence was error because the appellee failed to allege such an injury in her original complaint filed against the defendants. However, seven and one–half months prior to the trial, appellee filed a Pre–Trial Statement which included a medical report prepared by her personal physician. The medical report clearly stated that she had sustained an aggravation of a pre–existing arthritic condition due to the automobile accident. The court below ruled that the purpose of "the general rule barring evidence of an injury not pleaded is to prevent surprise at the time of trial" and since the defendants had been given notice of the

aggravation of the pre–existing injury both at depositions taken prior to trial and in the pre–trial memoranda, filed by the appellee on March 29, 1977, that the defendant was not surprised by the introduction of this evidence and that, therefore, the purpose of the rule was not circumvented in this case. We agree. Defendants rely on the case of *Littman v. Bell Telephone Company*, 315 Pa. 370, 172 A. 687 (1934) in support of their position. However, in that case the plaintiff introduced evidence of the aggravation of a pre–existing injury at trial where the existence of such was never pleaded, nor was the injury known by the defendant until the time of trial. Obviously, such was not the case here as the defendants knew as early as December, 1976, when appellee was deposed in her home, the situation regarding the aggravation of her pre–existing arthritic condition.

Defendants also cite the case of *Rodgers v. Yellow Cab Company*, 395 Pa. 412, 147 A.2d 611 (1959). In that case the Court held that evidence indicating the aggravation of a pre–existing condition was properly excluded by the trial court because appellees made no claim for such "in their pleadings". That case is distinguishable from the instant one because in our case the Pre–Trial Statement of March 29, 1977 clearly set forth this alleged injury. The Pre–Trial Statement was filed pursuant to *Rule 1–XIII, VI–A–1c, d* of the Rules of Court of Allegheny County which rule mandates the attachment of all doctor's reports to the Pre–Trial Statement. This Rule is in conformity with *Rule 212, Pennsylvania Rules of Civil Procedure* governing Pre–Trial Conferences and is designed to advance the purposes of said Rule. Thus, because the Pre–Trial Statement is a mandatory pleading it cannot be said that appellee failed to raise the issue of the aggravation of her pre–existing injury "in her pleadings". This does not mean that a plaintiff may raise an issue regarding an injury for the first time in the Pre–Trial Statement if the issue could have been raised earlier. However, the appellee in our case did allege various injuries to her spine in her original complaint. The fact that

she may not have known the exact extent or nature of her spinal injuries at the time she filed the complaint should not preclude her from recovery for such injuries where she makes no attempt to surprise the defendant with evidence of such at trial and where it is clear that the defendants had actual notice of such injuries at least seven and one–half months prior to the trial. See *Wood v. Lit Brothers*, 173 Pa.Super. 4, 94 A.2d 69 (1953). Because the defendants had actual notice of the appellee's claim for damages caused by an aggravation of a pre–existing arthritic condition and were therefore not surprised by testimony of such at trial and because appellee had alleged such an injury in her Pre–Trial Statement we hold that the court below did not err in permitting evidence of this injury at trial.

Order affirmed.

SPAETH, J., concurs in the result.