428 A.2d 600

**Paula CINGOTA, Appellant,**

v.

**Kenneth MILLIKEN, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed April 10, 1981.

118

W. Thomas Laffey, Jr., Pittsburgh, for appellant.

Dennis St. J. Mulvihill, Pittsburgh, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is a personal injury case. Appellant, who was the plaintiff below, argues that the lower court erred in charging the jury that it could not return a verdict for her if it found that her injury was an aggravation of a pre-existing condition. We agree and shall therefore reverse and remand for a new trial.[1]

On January 26, 1976, appellant sustained injuries when she fell down a flight of four steps in an apartment building

---

1. Appellant also argues that the lower court erred in: 1) informing the jury that the defendant could not appear at trial because he was ill; 2) refusing to allow an official from the Allegheny County Health Department to testify on the condition of the property in question; 3) refusing to permit the jury to have an exhibit during its deliberations; 4) admitting into evidence a weather report; and 5) refusing to instruct the jury on comparative negligence. We do not reach these arguments.

in Pittsburgh owned by appellee. Appellant was on the premises visiting a friend who was a tenant in the building. In her complaint, appellant described her injuries as follows: "a. Acute low back sprain; b. Severe pain in the low lumbar area; c. Herniated disc; d. Radiation of pain into both legs; e. Ruptured lumbosacral disc; f. Numbness of the left thigh; g. Weakness in the left great toe; h. Shock and injuries to the nerves and nervous system; and, i. Other severe and serious injuries including injuries to the head, neck, chest, abdomen, arms, hands, wrists, legs, ankles, knees, feet, fingers and toes."

At the close of the evidence, appellant's counsel submitted the following requested point for charge:

9. If you shall find in favor of the Plaintiff, you are instructed that the Defendant is not excused because the Plaintiff may have had a preexisting condition which made her peculiarly susceptible to the injury and disability of which she complains in this action due to the accident of January 26, 1976; and, in arriving at your verdict, you are instructed that the Defendant takes the Plaintiff as he finds her at the time of the accident and you are not to deduct anything from the damages to which the Plaintiff is entitled because of her pre-existing condition. *Pavorsky v. Engles*, 410 Pa. 100, 188 A.2d 731 (1963).

Appellee's counsel objected:

MR. MULVIHILL: Nine I take exception to, Your Honor, because as we stated after Court yesterday off the record, and I would like it on the record now, there is nothing in the Complaint that makes reference to an aggravation claim. All of the contentions in the complaint were that her problems were directly covered and caused by this incident.

THE COURT: Yes, but if you have somebody that has a weak back, that is what he is asking me to charge here, you take her as you find her.

After the court had noted defense counsel's exception, appellant's counsel made an oral motion to amend the complaint

to include a claim of aggravation of a pre-existing back condition, which the court denied:

> MR. LAFFEY [Counsel for plaintiff]: To the extent that that would be necessary, I would respectfully move, under 1033, that my pleadings be amended to conform with that.
>
> THE COURT: Well, I can't allow you at the conclusion of the case to amend your pleadings.
>
> MR. MULVIHILL: The statute of limitations has expired, and I think that would be setting forth a new cause of action and be barred.
>
> MR. LAFFEY: Aside from—
>
> THE COURT: I am not going to rule on that.
>
> MR. LAFFEY: I don't think you have to, Judge. I think you have ruled on point three.
>
> THE COURT: If I did that [allowed the requested amendment], he would be entitled to plead surprise.
>
> MR. LAFFEY: Well, Your Honor, the substance of what the doctor said was in his medical report and there was no surprise about it whatsoever.
>
> THE COURT: He would still be entitled to plead it. I suppose he would. Would you?
>
> MR. MULVIHILL: Yes, sir.
>
> (N.T. 437–39)

Having denied appellant's counsel's motion to amend the complaint, the court charged the jury that it could not return a verdict for appellant if it found that her injury was an aggravation of a pre-existing condition:

> There have been two contentions about the injury in this case, one on the part of the Plaintiff to the effect that you have to take the Plaintiff as you find her. She may have had certain existing physical propensities, but if she is injured then you are required to make compensation based on the condition of the Plaintiff as you find her.
>
> The Defendant on the other hand says this—it is a different situation—there was an aggravation of a pre-existing condition which was not pleaded in this case. In other words, there was no claim that this was an aggravation of a pre-existing condition. If you find that the

Plaintiff's condition was an aggravation of a pre-existing injury then your verdict must be for the Defendant because that is not part of the issues presented to you in this case. However, if you find that she had no existing illness, or propensity or pre-disposition of some kind, and that this was in effect an injury that was not an aggravation, then you may find a verdict for her.

(N.T. 513–514)

■ Rule 1033 of the Rules of Court Procedure provides: A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Regarding amendments to conform pleadings to the evidence, one commentary has noted:

Defective averments of damages may be corrected by amendment. Amendments of this kind are frequently allowed. Moreover it is well established that an amendment which merely introduces an additional element of damage drawn out of the same circumstances or wrongful act set forth in the original complaint, adds an additional item or a new assignment of damages or an additional breach springing from the cause originally declared upon, shows an aggravation of the injury, or claims increased damages arising out of the cause of action originally stated, may be allowed at any time, since no new cause of action is introduced thereby. Such an amendment is not a departure from the cause of action.

3 Standard Pennsylvania Practice § 37, pp. 713–15 (footnotes and citations omitted)

Although it is within the trial court's discretion whether to grant a motion to amend a pleading, *Behrend v. Yellow Cab Co.*, 441 Pa. 105, 271 A.2d 241 (1970); *Bell v. Shelrom*, 214

Pa.Super. 309, 257 A.2d 323 (1969), the motion should be granted unless error of law or prejudice to an adverse party would result. *Otto v. American Mut. Ins. Co.*, 482 Pa. 202, 393 A.2d 450 (1978); *Bell v. Shelrom, supra. See also, APCL&K, Inc. v. Richer Communications, Inc.*, 241 Pa.Super. 396, 402 n. 5, 361 A.2d 762, 765 n. 5 (1976).

■ Here, no error of law would have resulted from granting the motion to amend. The motion was to conform the complaint to the evidence, in particular, the testimony of appellant's doctor that her fall down the steps may have aggravated a pre-existing back condition that she suffered as a result of a horse having fallen on her in 1961, and also, as a result of having strained her back in 1974, while bending over a sink to brush her teeth. Contrary to the arguments of appellee's counsel, this evidence of aggravation did not represent evidence of a new cause of action. A "mere change in the amount of damages, the specification of damages, the items of damage claimed, the specification of details in the broad allegations in the complaint . . . the conclusions of law and legal theory of liability, or supplying a missing averment, elaborating the basis of the claim . . . does not change the cause of action." 2 Goodrich-Amram 2d § 1033:41, pp. 372–73. *See also Schwab v. P. J. Oesterling & Son, Inc.*, 386 Pa. 388, 126 A.2d 418 (1956). If negligent in failing to maintain a safe stairway, appellee was liable for appellant's injuries whether the injuries were originated by appellant's fall or constituted an aggravation of a pre-existing back condition:

> The principle is firmly established that a tortfeasor is liable for all direct and proximate consequences of his unlawful act. Where the personal injuries caused by the wrongdoer aggravate infirmity or disease, resulting in the prolongation of the injuries and a corresponding increase in damages, compensation for such added or increased damages may be recovered. *Paul v. Atlantic Refining Co.*, 304 Pa. 360 [156 A. 94], Sedgwick on Damages (9th Ed.) Sec. 121 B; Sutherland on Damages (4th Ed.) Sec. 1244. The wrongdoer is liable for all harm caused by his negligent act though increased by an unknown physical condi-

tion, which could not have been discovered or anticipated prior to the wrongdoing.

Restatement, Torts, Sec. 461.

*Offsend v. Atlantic Refining Co.*, 322 Pa. 399, 185 A.2d 745 (1936).

*See also, Pavorsky v. Engles*, 410 Pa. 100, 188 A.2d 731 (1963); *Lebesco v. Southeastern Pennsylvania Transp. Authority*, 251 Pa.Super. 415, 380 A.2d 848 (1977); *Boushell v. J. H. Beers*, 215 Pa.Super. 439, 258 A.2d 682 (1969). Nor would any prejudice to appellee have resulted from granting the motion to amend. Appellee was put on notice several months before the trial that appellant's injuries might have constituted an aggravation of a pre-existing back condition. Appellee's own supplemental pre-trial statement included a report of appellee's expert, Dr. Charles M. Berg, which stated:

As to the etiology of her back problem, it is well documented in Dr. Peifer's [*sic*; Pifer] records that she complained of low back pain in September of 1974. She even had severe pain in her low back when bending over the sink to brush her teeth. On the 18th of September, 1974, she began to have numbness in her legs after sitting for a long period of time. Examination at that time, by her physician, revealed limitation of motion of the lumbosacral spine with tenderness and spasm of the right lumbar musculature. . . . Diagnosis, at that time, namely, September 19, 1974, was acute low back strain with possible early herniated disc at L5–S1. There was moderate degenerative disc disease of the lumbosacral disc.

This woman, according to Dr. Peifer's [*sic*] records, has had back problems ever since she was sixteen years of age when a horse fell on her lumbar spine. I should think that her episode of falling on the steps of her apartment was another one of the incidents which caused a laminectomy to be performed.

(Supplemental Pre-trial Statement, p. 2)

Also, appellee cross-examined appellant and her doctor, Dr. Pifer, as to prior injuries to appellant's back.

In *Binkney v. Olinger,* 282 Pa.Super. 473, 423 A.2d 1 (1980), a panel of this court held that a trial court did not err in permitting evidence that the defendant's negligence had aggravated the plaintiff's pre-existing arthritic condition, even though the plaintiff had failed to allege the aggravation in her original complaint. There, 7 months before trial, the plaintiff had filed a pre-trial statement that included a medical report by her doctor stating that because of the accident, she had sustained an aggravation of a pre-existing arthritic condition. Noting that the purpose of the rule barring evidence of an injury not pleaded is to prevent surprise at trial, we concluded that "since the defendants had been given notice of the aggravation of the pre-existing injury both at depositions taken prior to trial and in the pre-trial memoranda . . . the defendants were not surprised by the introduction of this evidence and . . . therefore, the purpose of the rule was not circumvented in this case." (282 Pa.Super. 473, 423 A.2d 1)

In *Freer v. Parker,* 411 Pa. 346, 192 A.2d 348 (1963), our Supreme Court held that the lower court did not err in refusing to grant the defendant a new trial because the plaintiff had alleged in his complaint that he suffered "loosening of teeth," while the evidence at trial revealed that he had also suffered from loosened teeth prior to the accident. On appeal, the defendant argued that the plaintiff should have alleged in his complaint that the loosened condition of his teeth was aggravated by the accident. However, the Court held that the complaint had given the defendant sufficient notice as to the nature of the injuries.

In *Reppert v. White Star Lines,* 323 Pa. 346, 186 A.2d 788 (1936), the Court upheld a charge that if the jury found for the plaintiff, the defendant was responsible for any aggravation of an old injury or condition as well as for a new injury caused by the accident, even though the plaintiff had made no claim for an aggravation of a previously existing condition. The Court reached this conclusion by noting that the element of aggravation was injected into the case by the defendant itself in an attempt to show that the plaintiff's present condition was due to a pre-existing condition:

One of the grounds upon which plaintiff based her right to recover damages in this action was that she is now extremely nervous, whereas before the accident she had enjoyed good health. Defendants, however, brought out that two years before the accident, plaintiff had suffered an attack of neurosthenia, and produced evidence to show that plaintiff had been an unusually nervous person. The purpose of this testimony of course, was to impress upon the jury that plaintiff's nervousness was to some extent due to an unusual condition existing prior to the accident. Under these circumstances we are of opinion that the defendant company was not harmed by the instructions to the jury. While perhaps not worded in the exact language applicable to the facts of the case, our reading of the charge in the light of the evidence before the jury convinces us that the jury was in no wise misled by the instructions, and that defendant company has no just ground for complaint on this score.

323 Pa. at 350–51, 186 A.2d 788.

*See also Computer Print Systems, Inc. v. David A. Lewis et al.*, 281 Pa.Super. 240, 422 A.2d 148 (1980).

These cases are the more persuasive because they upheld recovery even though the plaintiff made no motion by an amendment to conform the complaint to the evidence. They thus support the conclusion that a plaintiff who alleges that he suffered a particular injury may recover damages even though the evidence is that he suffered an aggravation of a pre-existing condition, if the defendant has fair notice of the aggravation. Here, as has been discussed, appellee had such notice.

Appellee cites two decisions for the proposition that where there is evidence of a pre-existing condition but no claim for its aggravation, the court should—as the lower court did here—charge that there may be no recovery for the pre-existing condition. However, these cases are easily distinguished. In *Rodgers v. Yellow Co.*, 395 Pa. 412, 147 A.2d 611 (1959), the Supreme Court held that the lower court had committed reversible error in charging the jury that it could award compensation to a plaintiff for any past, present and

future pain, suffering and disability following an automobile accident caused by defendants even if due in part to a pre-existing arthritic condition. There, the plaintiff made no claim in her pleadings for an aggravation of a pre-existing arthritis condition. "What the trial judge should have done and completely failed to do was to instruct the jury in a positive manner that if Mrs. Rodgers' injuries, . . . were due to an arthritic condition, no recovery could be allowed for such injuries." 395 Pa. at 426, 147 A.2d at 618.

In *Littman v. Bell Tel. Co.*, 315 Pa. 370, 172 A. 687 (1934), the Court held that it was error to admit evidence of aggravation of a pre-existing condition where aggravation had not been alleged and was not known to the defendant before the trial. Quoting its opinion in *Krajkowski v. Philadelphia Rapid Transit Co.*, 282 Pa. 104, 107, 127 A. 429 (1925), the Court said that "[a] defendant ought to be able to rely upon the assumption that plaintiff's evidence will be confined to its [the statement of claim] averments." 315 Pa. at 380–81, 172 A. at 691–92. Here, appellee did not rely on appellant's complaint, but rather on evidence of aggravation gathered from its own medical expert and the medical report submitted by appellant's doctor.

The judgment of the lower court is reversed and the case is remanded for a new trial.