## Carb v. Allen

*Alan L. Carb,* for plaintiffs.
*Anita J. Amato,* for defendant.

WETTICK, *J.,* October 3, 1991—On March 1, 1990, Brian M. Allen was injured in an automobile accident. On March 16, 1990, he entered into a written contingent fee agreement with attorneys Alan L. Carb and Eric F. Solomon which provided for these attorneys to represent him in a claim for damages arising out of this accident. The contingent fee agreement provided for Allen to pay 40 percent of any fund derived by suit or settlement to his counsel and to reimburse his counsel for legal expenses.

Attorneys Carb and Solomon expended substantial time investigating the claim and incurred various legal expenses in connection with their investigation. As a result of their preparation of the case, they obtained a settlement offer from Allen's insurance carrier in the amount of $16,000. Allen rejected the settlement offer and instructed his counsel to prepare a complaint. Before the complaint was filed, Allen discharged his counsel and retained another attorney to represent him. He had no ''good cause'' for discharging Carb and Solomon.

Subsequently, Carab and Solomon sent a letter to Allen's new counsel requesting that he protect their fee in the amount of 40 percent of the $16,000 offer. Allen's new counsel did not respond.

Carab and Solomon then filed a petition to enforce a contract and to recover a contingent fee that is the subject of this opinion and order of court. In their brief in support of the petition, Carb and Solomon

characterize their petition as a petition to impose a charging lien.[1]

In *Recht v. Urban Redevelopment Authority of the City of Clairton,* 402 Pa. 599, 168 A.2d 134 (1961), the Pennsylvania Supreme Court set forth the following requirements that must be satisfied before a court may impose a charging lien:

"[I]t must appear (1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees, or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations

---

1. If this were simply a claim against Allen for counsel fees that are allegedly due under an agreement, plaintiffs would be required to raise this claim through a separate action seeking a money judgment against Allen. Because a client has an absolute right to discharge an attorney at any time and for any reason (Rule 1.16 of the Rules of Professional Conduct), a vast majority of courts in this country hold that any claim based on a contingent fee agreement brought by a discharged attorney must be based on a quantum merit theory. See *Fracasse v. Brent,* 100 Cal. Rptr. 385 (Cal. 1972); *Novinger v. E.I. DuPont De Nemours & Co. Inc.,* 809 P.2d 212 (3d. Cir. 1987); *Rosenberg v. Levin,* 409 So.2d 1016 (Fla. 1982); *Johns v. Klecan,* 556 N.E.2d 689 (Ill. App. Ct. 1990); *Tobias v. King,* 406 N.E.2d 101 (Ill. App. Ct. 1980); *Madison v. Goodyear Tire and Rubber Co.,* 663 P.2d 663 (Kan. Ct. App. 1983); *Salem Realty Co. v. Matera,* 426 N.E.2d 1162 (Mass. 1981); *Stall v. First National Bank of Buhl,* 375 N.W.2d 841 (Minn. Ct. App. 1985); *Campagnola v. Mulholland, Minion & Roe,* 556 N.Y.S.2d 239 (Ct. App. 1990); and cases cited therein. Cf., *Dorsett v. Hughes,* 353 Pa. Super. 129, 509 A.2d 369 (1986) (dismissed attorney not entitled to agreed upon fee of percentage of gross estate).

which necessitate the recognition and application of the charging lien." *Id. at 608,* 168 A.2d at 138-39.

Petitioners have not met at least two of the five requirements. There is no fund in court or otherwise applicable for distribution. Allen has not received any payment for his claim arising out of the automobile accident. Furthermore, it has not been established that he is entitled to any money for this claim.

Also, even if a fund is received in the future for Allen's claim arising out of this accident, we cannot determine at this time that the services of his former counsel operated substantially or primarily to secure the fund out of which former counsel seeks to be paid. This will depend upon the nature and extent of the services that present counsel furnishes in his representation of Allen.[2] Petitioners' reliance on *In re Christman's Estate,* 165 Pa. Super. 45, 67 A.2d 826 (1949), is misplaced because in that case a fund had been created and the court made a finding that the fund "was clearly raised as a result of their [former counsels'] efforts." *Id. at 48,* 67 A.2d at 828. Also, *Cuthbert v. Bates,* 33 Chester L. Rep. 459 (1985), is not controlling because in that case there was a settlement fund available for distribution and because the court found that the former counsel's services operated substantially to secure the fund out of which he sought payment. The court said that "it was quite apparent that the settlement figure resulted primarily from Cantor's [former counsel's] service." *Id.* at 461.

---

2. Plaintiffs may also have difficulty meeting the fifth requirement that there are equitable considerations which necessitate the recognition and application of a charging lien. See *Johnson v. Stein,* 254 Pa. Super. 41, 385 A.2d 514 (1978).

634

On October 3, 1991, it is hereby ordered that plaintiffs' petition to impose a charging lien is denied.