Pavorsky *v.* Engels, Appellant.

Argued January 14, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*James J. McEldrew,* with him *Elston C. Cole,* for appellant.

*Norman Shigon,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, March 19, 1963:

Henry Pavorsky and his wife, Lillian Pavorsky, plaintiffs in this case, were occupants of an automobile which was struck in the rear by a car belonging to the defendant, Miriam Evelyn Engels. The Pavorskys brought an action for injuries allegedly sustained by them in this collision. The jury returned a verdict in the following words: "We find for the defendant that the conditions of the plaintiffs were not caused by the accident."

The trial court ordered a new trial for the reason that it had failed properly to instruct the jury on the question of damages. The defendant appealed.

Evidence was presented at the trial to the effect that both plaintiffs had physical disabilities prior to the accident. The defendants contended, therefore, that whatever monetary losses the plaintiffs suffered were not attributable to the automobile accident. The plaintiffs admitted prior ailments but maintained that they had been worsened by the violence which enveloped them in the automobile collision. In their complaint

the plaintiffs averred that they "did suffer aggravations, activations, and/or accelerations of any preexisting ailments or conditions which they may have had."

The trial judge said to the jury, with regard to the wife plaintiff: "Did she have this phlebitis, this condition, before and for so long a time that it is called chronic, that it persisted and endured before the accident? You have to remember, and I say it as a matter of law, that a defendant is not responsible except for what he or she did."

The judge excluded the possibility of aggravation of the pre-existing phlebitis, and in effect said that since the defendant was not responsible for the original ailment she could not be responsible for any aggravation of that condition. This instruction, of course, was contrary to law.

The judge's error was repeated by refusal of a plaintiffs' point which went directly to the heart of the issue, namely, "A plaintiff may recover for not only all physical conditions and disabilities caused by an accident but for aggravation, activation or acceleration of any pre-existing physical injuries, disabilities or infirmities."

A tortfeasor is liable for all injuries caused by his negligence. The term "injuries" necessarily refers as much to the aggravation of an already existing disability as it does to the infliction of an original wound. A person who has already lost a finger and has therefore, a disabled hand, cannot be denied compensation for the loss of a second and third finger on the startling premise that he already had a disabled hand. One who suffers a 20% impediment in knee motion may not be refused additional remuneration if, because of someone's negligent act, he sustains a 10% further incapacity in that joint. An individual who has an affected spine but somehow manages to drag himself

through life with a reasonable degree of proficiency and even some measure of happiness, may not have the door closed on him if he asks for compensation when someone by striking him, aggravates his ailing spine, leaving him less reason to be happy and increasing for him the effort required for self-locomation and gainful employment.

In *Offensend v. Atlantic Refining Co.*, 322 Pa. 399, this Court said: "The principle is firmly established that a tortfeasor is liable for all direct and proximate consequences of his unlawful act. Where the personal injuries caused by the wrongdoer aggravate an existing infirmity or disease, resulting in the prolongation of the injuries and a corresponding increase in damages, compensation for such added or increased damages may be recovered: Paul v. Atlantic Refining Co., 304 Pa. 360; Sedgwick on Damages (9th Ed.), Sec. 121B; Sutherland on Damages (4th Ed.), Sec. 1244. The wrongdoer is liable for all harm caused by his negligent act though increased by an unknown physical condition, which could not have been discovered or anticipated prior to the wrongdoing; Restatement, Torts, Sec. 461."

The husband plaintiff had a herniated disc prior to the accident and the defendant argues from that fact that he suffered no loss when it was discovered after the accident. It could be that the herniated disc was not troubling the plaintiff prior to the automobile mishap, but that the violence caused by the collision stimulated it into pathological exasperation. If so, the defendant would be responsible for that result. The man who prods a sleeping bull dog into wakefulness and belligerant aggressiveness may not plead nonliability for what follows if the dog bites a passerby.

One of the doctors testified: "This patient (referring to Mr. Pavorsky) sustained, as a result of the whiplash mechanism of the accident, an acute lumbosacral

strain. There is in my mind no doubt that a herniated disc is present, and while it may not have been caused by the accident, it surely was exacerbated by the accident."

The trial judge, in ordering the new trial, said: "The verdict of the jury indicates the deficiency of the charge. The jury found 'that the conditions of the plaintiffs were not caused by the accident.' They did not find that any conditions plaintiffs may have had prior to the accident were not aggravated by the accident. They could not do so because they did not have this issue before them."

The trial judge thus bravely acknowledged his error and bravely corrected it with a new trial, which action we cannot state was an abuse of discretion.

The order is affirmed.