**John F. ROGERS, Plaintiff,**

**v.**

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**Civ. A. No. 79–1620.**

United States District Court,
W. D. Pennsylvania.

Nov. 13, 1980.

James H. Joseph, Pittsburgh, Pa., for plaintiff.

Robert L. Frantz, Stephen A. George, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Professional Corporation, Pittsburgh, Pa., for defendant.

## MEMORANDUM

ZIEGLER, District Judge.

### I. *History of Case*

John F. Rogers was employed by International Business Machines for 14 years when he was discharged on April 23, 1979, from the position of Pittsburgh Branch Manager. Plaintiff's dismissal was precipitated by written accusations from certain employees that his job performance and personal conduct were inimical to the interests of the company. The accusations were initiated pursuant to IBM's "Open Door Policy," which permits an employee to raise matters of concern with key members of management.

An investigation by the company focused on the following areas: (1) decisiveness, (2) involvement, (3) business judgment, (4) loyalty and respect, and (5) personal conduct. The decision to terminate was predicated on the rationale that plaintiff's relationship with a subordinate employee exceeded normal or reasonable business associations, and Rogers' conduct negatively affected the duties of his employment.

Plaintiff filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, claiming damages for wrongful discharge. Specifically, Rogers contends the actions of defendant were (1) wrongful, (2) violative of his right of privacy, (3) malicious and in bad faith, and (4) breached an employment contract without justification. The complaint was removed to this court pursuant to 28 U.S.C. § 1441(a).

IBM filed an answer denying the allegations of wrongful termination and invasion of privacy. Defendant asserts that (1) plaintiff's employment was terminable at will; (2) any claim for personal injuries is limited by the provisions of the Pennsylvania Workmen's Compensation Act; and (3) the complaint fails to state a claim upon which relief may be granted.

Presently before the court is the motion of defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth herein, the motion will be granted.

### II. *Discussion*

Pennsylvania law presumes that an employee serves at the pleasure of an employer and the relationship may be terminated by either party and at any time absent a specific term or duration. *Cummings v. Kelling Nut Co.*, 368 Pa. 448, 451, 84 A.2d 323, 325 (1951). In *Jackman v. Military Publications, Inc.*, the Court of Appeals summarized the Pennsylvania rule as follows:

> When a contract provides that one party shall render services to another ... but does not specify a definite time or prescribe conditions which shall determine the duration of the relation, the contract may be terminated by either at will .... The burden is on the plaintiff in such cases to overcome the presumption by showing facts and circumstances establishing some tenure of employment .... The intention of the parties govern. One relying on the contract as providing for a reasonable length of time must establish something in the nature and circumstances of the undertaking which could create the inference that a definite or reasona-

ble period of employment was actually contemplated by the parties.
350 F.2d 383, 385 (3d Cir. 1965).

■ In the instant matter, the record is devoid of evidence with respect to an express contract, oral or written, between the parties. Instead, plaintiff alleges an implied contract. He contends that defendant's "promote from within" policy, including transfer and promotion practices, coupled with statements contained in the Managers Manual, and other general communications, tend to establish an implied contract of employment for "his entire career." We disagree.

■ Even under the theory of contract by implication, the evidence fails to establish a contract for a definite term or duration. Reliance on the vague and conclusory statements contained in the material of record is insufficient as a matter of law to establish a specific term of employment. Furthermore, Pennsylvania jurisprudence provides that as a general rule, the use of the term "permanent" as applied to employment, contemplates a relationship of employment "until one or the other of the parties shall desire to terminate the connection; in which event the dissatisfied party is to have the right to be relieved" of further duties to the other. *Green v. Medford Knitwear Mills, Inc.,* 408 F.Supp. 577, 581 (E.D.Pa.1976); *Lightcap v. Keaggy,* 128 Pa.Super. 348, 194 A. 347 (1937). Since there is no issue of material fact concerning IBM's power to terminate at will, there could be no implied employment contract to breach.

■ Rogers also asserts that IBM's decision to terminate was improper because it was predicated on an investigation of a personal matter in which the Company had no legitimate interest and therefore invaded his right of privacy. However, plaintiff fails to allege a corporate impropriety which transgresses public policy. A broad assertion that IBM acted intentionally, wrongfully and without justification does not meet the test of *Geary v. U. S. Steel Corp.,* 456 Pa. 171, 179, 319 A.2d 174, 178 (1974). In *Geary,* a salesman and an employee at will alleged wrongful discharge following dismissal for notifying the company of defects in several products marketed by the company. In affirming dismissal of the complaint, the Supreme Court of Pennsylvania indicated that, in some circumstances, an employee may have a cause of action for wrongful discharge. However, the court emphasized:

... We hold only that where the complaint itself discloses a plausible and legitimate reason for terminating an at will employment relationship and no clear mandate of public policy is violated thereby, an employee at will has no right of action against his employer for wrongful discharge.

*Id.* 456 Pa. at 184–185, 319 A.2d at 180; *see also Reuther v. Fowler & Williams, Inc.,* 255 Pa.Super. 28, 386 A.2d 119, 121 (Pa.Super. 1978).

In the instant case, Rogers has failed to posit any question of fact concerning the alleged impropriety of his discharge. The termination followed timely notice and an investigation in which plaintiff participated. The charges of various employees focused on job performance and the affect on the activities of the branch office. As the Supreme Court of Pennsylvania recognized, an employer has a legitimate interest in "preserving harmony among its employees and in preserving its normal operational procedures from disruption." *Geary v. United States Steel, Id.* at 180, 319 A.2d 174. Here IBM acted reasonably in investigating and resolving the allegations, and plaintiff's termination was not violative of the test of *Geary.*

■ The only limitation on an employer's power to terminate relates to a violation of a clear mandate of public policy. *See Perks v. Firestone Tire & Rubber Co.,* 611 F.2d 1363 (3d Cir. 1979). As the district court stated in *Lekich v. International Business Machines,* "a discharge may be for good reason or no reason, but not an illegitimate reason." 469 F.Supp. 485, 488 (E.D.Pa. 1979) Rogers advances no illegal reason here and our examination of the record indicates no transgression of public policy.

We cannot infer from these facts that the company acted for the specific purpose of causing harm to plaintiff, or coerced a violation of positive law, or otherwise required an ethical compromise by plaintiff. *Geary, supra*, at 178, 319 A.2d 174. The procedures followed by IBM, including the "Open Door Policy" and the investigation, preclude a finding that the dismissal was improper.

■ The tortious claim for invasion of privacy is equally without merit. Section 652 A(2) of the Restatement of Torts (Second) addresses the tort as follows:

(2) The right of privacy is invaded by

(a) unreasonable intrusion upon the seclusion of another, as stated in Section 652 B; or

(b) appropriation of the other's name or likeness, as stated in Section 652 C; or

(c) unreasonable publicity given to the other's private life as stated in Section 652 D; or

(d) publicity that unreasonably places the other in a false light before the public, as stated in Section 652 E.

Here, there was no intrusion of Rogers' seclusion or private life. Defendant's investigation was limited to interviews of full time employees and an examination of company records. Written material was voluntarily produced by Rogers and since there could be no expectation of privacy for such material, the intrusion, if any, was reasonable as a matter of law.

Finally, publication of private activities is absent. All information was conveyed only to employees of IBM with a duty, responsibility and a need for such information in order to properly address the concerns of subordinate employees. To suggest that such discussions constitute publication is contrary to the holding in *Vogel v. W. T. Grant Co.*, 458 Pa. 124, 327 A.2d 133 (1974). Without proof of publication, the claim for invasion of privacy must fail.

We hold that there is no genuine issue as to any material facts and the motion of International Business Machines Corpora-

tion for summary judgment must be granted.

An appropriate order will follow.