Ernest S. WOOD

v.

**BURLINGTON INDUSTRIES, INC.**

Civ. A. No. 81–0477.

United States District Court,
E. D. Pennsylvania.

Nov. 10, 1981.

Arthur L. Jenkins, Norristown, Pa., for plaintiff.

Theodore W. Flowers, Thomas Ziomek, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff in this diversity jurisdiction action alleges breach of contract and wrongful discharge on the part of the defendant. Following a trial held before this Court, sitting without a jury, and for the reasons set forth below, we now enter judgment in favor of the defendant and against the plaintiff.

On July 31, 1980, plaintiff was discharged from his employment with defendant as a territorial manager, a position he had held since 1975. At the time of his dismissal, plaintiff had been employed by defendant for a total of twenty-two years. Plaintiff contends that he had accepted the territorial manager position, and moved from Atlanta, Georgia to Southern Florida, under an oral contract of employment which made him an employee for life so long as he performed satisfactorily. Plaintiff further states that he did perform satisfactorily, and that he was terminated solely because of his association with one Joseph Quirk, a former Vice-President of the defendant, whose employment was terminated in 1978. Plaintiff dismisses various complaints about his performance as a territorial manager as "inconsequential", and designed to lead to his termination, because, in the words of Joseph Eisler, President of the defendant's Lees Carpets Division, plaintiff was "tarred by the brush of Joseph Quirk."

Plaintiff's claim of an oral lifetime contract and breach thereof is unsubstantiated by any evidence or testimony other than that of the plaintiff. Thus, plaintiff's employment was terminable at will. Moreover, the evidence was sufficient to show dissatisfaction on the part of plaintiff's superiors with his performance as territorial manager, so that defendant, in its evaluation of plaintiff, believed it had good cause to terminate his employment. Indeed, plaintiff was advised by his superiors of their dissatisfaction with his performance.

Performance reviews for the periods covering 1978, 1979 and part of 1980 indicated various areas in which plaintiff was adjudged deficient, with the March 1, 1980 report showing a significantly worse evaluation than the earlier reports. A follow-up memo to the March 1980 performance review further highlighted plaintiff's deficiencies, and concluded that his performance was unsatisfactory. A subsequent performance review follow-up memo from Joseph J. Eisler, dated July 18, 1980 expressed the defendant's "continued lack of confidence in your ability as a Regional Manager in the Florida Region." As conveyed in that memo, plaintiff was at that time offered an alternate commercial sales position, with salary to remain at his then current rate for one year. That offer was declined by plaintiff.

■ Absent an employment contract provision specifying a definite term or prescribing conditions which define the duration of the employment relationship, the employment is terminable at will by either party. *Kozup v. Pullman-Standard, Division of Pullman, Inc.*, Slip Op. C.A. No. 80–1604 (W.D.Pa. Aug. 10, 1981); *Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D. Pa.1980). The burden of overcoming the presumption that such a contract is terminable at will rests with the party asserting the contrary. *Moorhouse v. Boeing Co.*, 501 F.Supp. at 395. Plaintiff has not met that burden.

58

 Although it is not entirely clear whether Pennsylvania would even recognize the tort of wrongful discharge in this situation, see *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974), in order to prevail upon a claim of wrongful discharge plaintiff would at a minimum have to show that the defendant was motivated by a specific intent to cause harm, or had violated a clear mandate of public policy. *Id.* Here, even if plaintiff is correct in asserting that a discharge based solely on his association with Joseph Quirk would constitute wrongful discharge, a proposition with which we have the gravest reservation, it was nonetheless amply demonstrated by defendant that sufficiently good cause did exist for the termination of plaintiff's employment. Thus there is no basis for such a claim in this case. Indeed plaintiff was offered, but declined, an alternate contract sales position with defendant, an action hardly consistent with a policy of eliminating plaintiff from the defendant's employ. In short, there was no credible evidence to show that plaintiff's discharge was for any reason other than good cause, or constituted a breach of a lifetime employment contract.

The above constitutes this Court's Findings of Fact and Conclusions of Law, in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.