Margret S. FORMAN

v.

BRI CORPORATION.

Civ. A. No. 79–3730.

United States District Court,
E. D. Pennsylvania.

Jan. 21, 1982.

Neil E. Jokelson, Philadelphia, Pa., for plaintiff.

Robert I. Cottom, Reading, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

In July of 1978, plaintiff responded to defendant's advertisement which sought applications from those interested in and seeking career advancement in copywriting. Apparently seeking "stability" in her employment history (Forman deposition at 52), plaintiff accepted the $14,500 salaried position with defendant and moved, at defendant's expense, from Philadelphia to Reading, Pennsylvania. Six months thereafter plaintiff was fired. She subsequently instituted this suit for breach of a multi-year oral employment contract[1] which she asserts defendant entered into with her pursuant to its five-year growth plan. Moving now for summary judgment, defendant asserts that there is no contract for any identifiable, specific time and that plaintiff was employed solely at will. Hence, defendant asseverates that plaintiff was permissibly terminated.

For at least ninety years, it has been the law of Pennsylvania that in the absence of a specific contractual or statutory provision, employment contracts may be terminated at the will of either party. *Henry v. Pittsburgh & Lake Erie Railroad Co.*, 139 Pa. 289, 21 A. 157 (1891). Where one party to such a contract asserts that the parties intended for it to run for some reasonable time, they must establish "something in the nature and circumstances of the undertaking which would create [such an] inference." *Cummings v. Kelling Nat. Co.*, 368 Pa. 448, 452, 84 A.2d 323 (1951). *See also, Beidler v. W. R. Grace, Inc.*, 461 F.Supp. 1013, 1015 (E.D.Pa.1978), aff'd, 609 F.2d 500 (3d Cir. 1979). Absent such a showing, the presumption of an "at will" employment contract will not be disturbed. *Geib v. Alan Wood Steel Co.*, 419 F.Supp. 1205, 1208 (E.D.Pa.1976). *See also, Fleming v. Mack Trucks, Inc.*, 508 F.Supp. 917, 920 (E.D.Pa.1981). This general rule does admit of some exceptions; an "at will" employee has a claim for wrongful discharge if the firing contravenes notions of public policy. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *Yaindl v. Lygersoll-Rand Co.*, 281 Pa.Super.Ct. 560, 422 A.2d 611 (1980). The rule, and its ex-

---

1. Plaintiff's claim for defamation arising out of her discharge has been abandoned. *See* plaintiff's answer to defendant's motion for summary judgment; docket entry number 10 at 2.

ceptions, are regularly considered and applied by federal courts hearing cases based upon diversity of citizenship. *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir. 1979); *Boresen v. Rohm & Haas, Inc.*, 526 F.Supp. 1230 (E.D.Pa.1981). In the case at bar, plaintiff does not attempt to bring herself within the exceptions to the rule. Rather, she argues that her oral employment contract was for a reasonable period of time; hence, she asserts that she has overcome the presumption of an "at will" employment contract. Plaintiff's perception that she had a contract for some unspecified term derives from conversations which she had during the interview process wherein the defendant's agents told her that the job would be a good one in which to "stay and grow" (Forman dep. at 52). Another of defendant's agents purportedly expressed concern, during a second interview, that plaintiff, who had been free-lancing for two years, would "come up [to Reading] and not stay". (Forman dep. at 60). Plaintiff, based upon these comments, argues that she has overcome the presumption of employment at will.

Generally, employment contracts for broad, unspecified durations do not overcome the presumption. Consequently, vague promises of employment "until retirement" are insufficient to establish a contract, *Geib v. Alan Wood Steel Co.*, 419 F.Supp. at 1208. Likewise, employment "so long as you live" cannot properly create an enforceable contract. *Lightcap v. Keaggy*, 128 Pa.Super. 348, 194 A. 347 (1937), *Cf. Redwing Shoe Co. v. Shepherd Safety Shoe Corp.*, 164 F.2d 415 (7th Cir. 1947) ("so long as sales are made on account".) However, the presumption may be overcome by showing the "intent of the parties that the contract last for some ... reasonable time." *McNulty v. Borden, Inc.*, 474 F.Supp. 1111, 1119 (E.D.Pa.1979); *See also Slonaker v. P. G. Publishing Co.*, 338 Pa. 292, 13 A.2d 48 (1940). Further, where intent is an element of a claim courts "should not draw factual inferences in favor of the moving party and shall not resolve genuine issues of credibility." *Ness v. Marshall*, 660 F.2d 517 at 519 (3d Cir. 1981). The "reasonable time" here

at issue, *could* be for the duration of defendant's five-year growth plan. That question is for the jury to consider. We may not indulge in such speculation when ruling on a Rule 56 motion. Our function at this stage is merely to determine whether a genuine need for trial exists, *Gauck v. Meleski*, 346 F.2d 433 (5th Cir. 1965). Having concluded that it does, we deny the motion.

One additional factor merits attention. In her complaint plaintiff has alleged that she is a "resident" of New York and that defendant is a Pennsylvania corporation. However, allegations of *residency* do not properly invoke this Court's jurisdiction when premised upon diversity of *citizenship*. *See Fleming v. Mack Trucks, Inc.*, 508 F.Supp. 917, 919–920 (E.D.Pa.1981). Hence, within fifteen days from the date of this memorandum, plaintiff shall properly allege diversity jurisdiction if, in fact, it exists.