## Franek v. Sun Oil Company

*Joseph B. VanWyk*, for plaintiff.
*Jeffrey W. Wagner*, for defendant.
*Daniel Sherry*, for defendant.

KELLY, *J.*, March 20, 1985—Plaintiff in this case alleges that he was wrongfully discharged from his employment with defendant, Sun Oil Company.

Plaintiff alleges that he began his employment in 1977 and that eventually he began to be harrassed by his superiors, which led to his being unable to work because of emotional problems. Plaintiff alleges that at the time he was hired he was told he could consider his job a lifetime position. Plaintiff alleges that "after plaintiff was no longer emotionally able to bear the pressure of defendant's harrassment, plaintiff was tricked into tendering a letter of resignation."

Immediately before trial on December 5, 1984, defendants requested an offer of proof for plaintiff's case and then made a motion for a compulsory nonsuit, which was granted. Defendants' position was that even if plaintiff was tricked into resigning he is without a cause of action because he was an at-will employee who could have been terminated without cause.

Plaintiff's claim for recovery can be divided into two parts. Plaintiff argues that his "discharge" con-

stituted a breech of contract or that it constituted a tort.

Plaintiff contends that he should not be considered an at-will employee, but the court should find an implied-in-law contract that would prevent his discharge without cause. The law in Pennsylvania is that "absent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relation for any or no reason." Geary v. United States Steel Corp., 456 Pa. 171, 175, 319 A.2d 174, 176 (1974). Plaintiff has not alleged facts sufficient for the court to imply that a contract of employment existed that would have prevented his termination without cause. Thus, his situation must be considered employment at will permitting termination without cause. Under Pennsylvania law:

"[e]mployment contracts for broad, unspecified durations do not overcome the presumption. Consequently, vague promises of employment 'until retirement' are insufficient to establish a contract. Geib v. Allan Wood Steel Co. 419 F. Supp. 1205, 1208 (E.D., Pa. 1976). Likewise employment 'so long as you live' cannot properly create an enforceable contract." Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D., Pa. 1982).

In this case plaintiff is also attempting to support a claim that his discharge amounted to the tort of wrongful discharge without alleging that the discharge violated some public policy. Pennsylvania law requires that in order to prevail in a suit seeking recovery for wrongful discharge plaintiff must show that the discharge must violate some public policy. Geary v. United States Steel Corp., 456 Pa. at 184, 319 A.2d at 180; Cisco v. United Parcel Services, Inc., 328 Pa. Super. 300, 303, 476 A.2d 1340, 1341 (1984).

For the above reasons plaintiff's petition to take off nonsuit was denied.