516 A.2d 47

**Thomas R. MURPHY, Appellant,**

v.

**PUBLICKER INDUSTRIES, INC., Appellee.**

Superior Court of Pennsylvania.

Argued May 29, 1986.

Filed Oct. 6, 1986.

410

David C. Harrison, Philadelphia, for appellant.

Harry Lore, Philadelphia, for appellee.

Before WIEAND, BECK and JOHNSON, JJ.

BECK, Judge:

Appellant Thomas R. Murphy ("Murphy") was employed by appellee Publicker Industries, Inc. ("Publicker") from September 1951 until his dismissal in April 1979. In March, 1981, Murphy instituted suit for wrongful dismissal against Publicker, alleging that Publicker dismissed him without cause and in breach of Murphy's alleged lifetime employment contract with Publicker. After a jury trial conducted before the Honorable Leon Katz, the jury returned a verdict for Murphy and awarded him $94,000 in damages. On September 9, 1985, Judge Katz granted Publicker's motion

for a new trial on the ground that the court's instructions to the jury had not accurately and completely reflected the law of Pennsylvania concerning lifetime employment contracts. This appeal followed.

The issues before us are whether jury instructions that equate the concepts of "lifetime" employment contracts and employment contracts for a "definite" period of time are in error and, if they are, whether that error is harmless.

We hold that a contract for employment for life does not, without more, constitute an enforceable contract for employment for a specific, definite duration and, therefore, instructions that direct the jury to equate these concepts are in error. We further hold that such error was sufficiently prejudicial to Publicker to justify the trial court's grant of a new trial. We affirm the order of the common pleas court.

Approximately three years after Murphy began work at Publicker, Publicker's New York district supervisor offered Murphy a promotion. Acceptance of the new position would require Murphy to move his young family to Philadelphia from the New York metropolitan area where they had recently purchased a home and had friends and family. Murphy alleges that the supervisor assured Murphy that if he accepted the new position, he "would be working for the company forever." Allegedly in reliance on this assurance, Murphy accepted the promotion and moved to Philadelphia where he continued in Publicker's employ until his dismissal in 1979.

Murphy contends that this course of events gave rise to an enforceable employment contract pursuant to which Publicker agreed to employ Murphy for life, presumably unless he gave them just cause to fire him by not performing in accordance with the requirements of his position. Although Publicker contends that they did have such cause to fire, the jury apparently believed Murphy's allegation that Publicker fired him without cause. However, Publicker further contends that even if there was no cause to fire, they nevertheless had the legal right to discharge Murphy at any

time and for any or no reason because he was an at-will employee with no contract for employment for any definite period of time. *Henry v. Pittsburgh & Lake Erie Railroad Co.,* 139 Pa. 289, 21 A. 157 (1891).

This case is another in a now long series of cases in which the courts of this Commonwealth have recently been called upon to award a discharged employee with no written employment contract relief based on a wider theory of what constitutes an enforceable agreement between an employer and an employee under which the employee has a right to continued employment. *Darlington v. General Electric,* 350 Pa.Super. 183, 504 A.2d 306 (1986); *Banas v. Matthews International Corp.,* 348 Pa.Super. 464, 502 A.2d 637 (1985).

In reviewing the trial court's grant of a new trial, we must affirm unless the trial court abused its discretion or committed a clear error of law. *Simmons v. St. Clair Memorial Hospital,* 332 Pa.Super. 444, 481 A.2d 870 (1984). In this case, application of this standard of review requires us to analyze Pennsylvania law regarding oral "lifetime" employment contracts to determine whether the trial court committed a clear error of law in deciding that it had improperly charged the jury as to that issue.

In other words, the issue here is not whether the trial court abused its discretion, but whether the sole and exclusive reason that the trial court assigned for its grant of a new trial has legal merit.[1] *Keefer v. Byers,* 398 Pa. 447,

---

1. Contrary to Murphy's suggestion in his brief, Publicker did properly preserve its objection to the jury charge for purposes of relying on that objection to obtain a new trial. *Reardon v. Meehan,* 424 Pa. 460, 227 A.2d 667 (1967) (error in jury charge can be the basis for a new trial only where counsel seeking new trial makes a timely objection to the charge or directs the trial court's attention to what counsel perceives as being erroneous in the charge). At trial, counsel for Publicker timely objected to the court's charge. Counsel specifically objected to the charge insofar as it equated lifetime and definite employment contracts. (N.T. 199–200). Further, Publicker's counsel excepted to the trial court's refusal of his proposed supplemental point for charge which requested an instruction that lifetime employment

159 A.2d 477 (1960). If the trial court did deliver a fundamentally erroneous charge that was prejudicial to Publicker, the grant of a new trial must be affirmed. *Pavorsky v. Engels*, 410 Pa. 100, 188 A.2d 731 (1963) (erroneous jury charge merits award of new trial); *Eldridge v. Melcher*, 226 Pa.Super. 381, 388, 313 A.2d 750, 754 (1973). We note that "[i]n determining whether fundamentally erroneous instructions require the grant of a new trial, whether such instructions did or did not bring about the complained of verdict is not the question. If it appears that such instructions might have been responsible for the verdict, a new trial is mandatory [citation omitted]." *Vaughn v. Philadelphia Transportation Co.*, 417 Pa. 464, 468, 209 A.2d 279, 282 (1965). If the charge is erroneous in a basic sense and the extent to which it might have been prejudicial to the complaining party cannot be determined, the grant of a new trial is proper. *Kelly v. Crawford*, 137 Pa.Super. 197, 205, 8 A.2d 449, 452 (1939).

The pertinent sections of the charge that give rise to this inquiry are as follows:

The plaintiff contends that the evidence establishes, by a fair preponderance of the evidence, that the defendant agreed to employ him for the rest of his life. That's what he testified to. I think he called it lifetime. The defendant doesn't buy that concept. They disagree with the plaintiff's version, in that the Publicker corporation says that there was no definite time period for the agreement. That's an important phrase in the case, that it was a contract for employment or promotion, but there wasn't any definite time. Now, you have a conflict there. Now, contracts may be either in writing or they may be oral and they are just as effective whether they are writing or oral. Where an oral contract is claimed, as in this case, you must determine, since you don't have anything in writing to look at, you must determine from the spoken language of the parties to the contract and the surrounding circumstances at the time of the alleged

contracts are unenforceable because they are for broad, unspecified durations and do not overcome the at-will presumption. (N.T. 178).

contract to determine whether the parties had a binding agreement concerning the duration of the employment contract. Now, what do I mean by surrounding circumstances? Certain things were testified to by the plaintiff. ... [H]e testified that he lived in Bergen County. I think he said he had an office in the Empire State Building and he had two or three children, I think, and his wife was pregnant at the time and that, as part of this discussion he had with Mr. Foy [the supervisor], he moved into the Philadelphia area, relocated.

.  .  .  .  .

An agreement, is the meeting of the two minds, if there are two people, as there are here, to the same thing. When a contract does not state, does not state a definite term for the duration of the employment relationship, the law presumes that either party can end the employment at any time for any reason.

.  .  .  .

Therefore, if you find that the contract involved in this case was not for a definite term then your verdict must be for the defendant. For the plaintiff to be successful in this case he must prove to you that his employment contract was for a definite term. Now, if you believe that at the time the contract was created the parties intended that the plaintiff's employment would continue for a definite term, in this case, lifetime, then plaintiff has proven that his employment was not based on an at will contract.

When a contract is for a definite term an employer cannot discharge an employee before the end of that term without a legitimate reason.... Therefore, if you find that the plaintiff was hired for any definite term and the defendant discharged him without justifiable cause then your verdict should be for the plaintiff....

(N.T. 188–91).

In reviewing a grant of a new trial based on an allegedly erroneous jury charge, we must read the charge

in its entire context. *Keba v. Pickett,* 434 Pa. 148, 252 A.2d 675 (1969). In this case, such a reading reveals that at several points, the trial judge communicated the concept that if the jury found that Publicker had agreed to employ Murphy for his lifetime, that alone would establish that Murphy had an employment contract for a definite period which, if breached, gave rise to a right to relief.

This misleading concept was first conveyed to the jury when the trial court contrasted Murphy's and Publicker's views of the case by stating that Murphy alleged he had a lifetime contract, whereas Publicker contended "that there was no definite time period for the agreement." (N.T. 188). This clearly suggests that a lifetime contract is a definite one. The trial court reiterated this misconception of the law later in the charge when it told the jury that they should find that Murphy had proven he was not an at-will employee if they found that "the parties intended that the plaintiff's [Murphy's] employment would continue for a definite term, in this case, lifetime...." (N.T. 190).

Further, in instructing the jury as to the importance of appraising the "surrounding circumstances" of the alleged oral contract, the trial judge stated that the surrounding circumstances were pertinent to whether the parties had reached an agreement and what its terms were. In the instant case, where the plaintiff is attempting to remove himself from the at-will-employment presumption and establish a lifetime contract, the trial judge should also have specifically instructed the jury to consider the surrounding circumstances as they relate to that issue. *Luchacher v. Kerson,* 158 Pa.Super. 437, 440–2, 45 A.2d 245, 247–48, *aff'd,* 355 Pa. 79, 48 A.2d 857 (1946). *See also Solomon v. Luria,* 45 D & C2d 291 (1967), *aff'd on opinion of trial court,* 213 Pa.Super. 87, 246 A.2d 435 (1968).

The *Lucacher* court held that where an employee contends that he had a permanent employment contract and proves that the employer did promise to employ him for life *and* that the employee gave the employer substantial consideration for that promise in addition to the employee's

services, i.e. relocating to accept the new position, he can succeed in thereby rebutting the presumption of at-will employment. *Id.*, 158 Pa.Superior Ct. at 440–2, 45 A.2d at 247–48. Thus, the surrounding circumstance of the employee's relocation is of particular importance in such a case. Of course, whether an employee has given such additional consideration as will rebut the presumption is a question of fact for the jury.[2]

As we opined in *Darlington*, generally an employment contract for a broad, unspecified duration does not overcome the presumption of at-will employment.[3] *Darlington*, 350 Pa.Super. at 195, 504 A.2d at 312 (citing *Forman v. BRI Corp.*, 532 F.Supp. 49, 51 (E.D.Pa.1982)). Likewise, several

**2.** As the trial court correctly stated in its opinion in support of its grant of a new trial, there are Pennsylvania cases which suggest that even proof of additional consideration will not suffice to rebut the at-will presumption where a permanent or lifetime contract is alleged. *See, e.g., Lightcap v. Keaggy*, 128 Pa.Super. 348, 194 A. 347 (1937). Upon consideration of those cases, however, we are of the opinion that they do not reflect the law of Pennsylvania insofar as they suggest that a "permanent" employment contract can never be enforceable. In fact, such cases presented factual situations distinguishable from those presented by the instant case. For example, in *Lightcap*, the court found that the employer had cause to fire the plaintiff-employee and, thus, reversed the judgment of the trial court in favor of plaintiff. Moreover, the impact of any additional consideration given by the employee in *Lightcap* was not specifically considered by the court, which focused its analysis on the generally indefinite nature of the oral employment agreement at issue there. *Id.*, 128 Pa.Superior Ct. at 356–61, 194 A. at 350–52. *See also Moorhouse v. Boeing Company*, 501 F.Supp. 390 (E.D.Pa), *aff'd mem.*, 639 F.2d 774 (3d Cir.1980) (Court found that plaintiff had not proven facts sufficient to justify conclusion that employer had agreed to employ plaintiff permanently; thus, additional consideration required to support such an agreement not relevant); *Wood v. Burlington Industries, Inc.*, 536 F.Supp. 56 (E.D.Pa. 1981) (Court found there was insufficient evidence of a permanent employment contract and there was just cause to fire).

**3.** *Darlington* specifically addressed employment contracts for a "reasonable" length of time, as distinguished from permanent or lifetime employment contracts such as that involved in the case at bar. The *Darlington* court held that the employee there had failed to prove that an implied agreement for employment for a reasonable time had been formed. *Darlington*, 350 Pa.Super. at 192–204, 504 A.2d at 311–16. The court also specifically found that the employee had not provided sufficient additional consideration to bring him within the *Lucacher* rule. *Id.*

federal courts sitting in Pennsylvania have concluded that under Pennsylvania law, a contract for "permanent employment" does not overcome the presumption. *Id.* (citing, *inter alia, Rogers v. International Business Machines Corp.*, 500 F.Supp. 867 (W.D.Pa.1980) ). In other words, even if the employee can prove that the employer orally promised to employ the employee for life or permanently, the employee cannot recover if he is discharged without cause. The agreement is not sufficiently definite as to the duration of the employment, "for life" and "permanently" being inherently indefinite periods of time. "Definiteness is required to overcome the at-will presumption." *Darlington*, 350 Pa.Super. at 196, 504 A.2d at 312.

*Lucacher* presents one exception to the foregoing general rule. As noted, *Lucacher* stands for the proposition that where the employee can prove *both* that the employer agreed to employ the employee for life or permanently *and* that the employee gave the employer sufficient additional consideration for this promise, over and above the employee's services, then the employee can succeed in bringing himself out of the at-will presumption. As we explained in *Darlington:*

> The term 'consideration' is not used here in the usual contractual context to signify a *validation* device. The term is used, rather, more as an *interpretation* device. When 'sufficient additional consideration' is present, courts infer that the parties *intended* that the contract will not be terminable at will.

*Id.*, 350 Pa.Superior Ct. at 199, 504 A.2d at 314.

Of course, if this inference can be rebutted by specific evidence of the parties' intent to create an at-will relationship, the discharge without cause will be upheld. *Id.*

The foregoing discussion illustrates that the trial court in this case correctly perceived an error in its charge to the jury. The court's instructions clearly could have left the jury with the impression that if they found that Publicker had agreed to employ Murphy for life, then they had found that a definite and enforceable contract for lifetime employ-

ment existed and they could proceed directly to a determination of whether it was breached and, if so, to a calculation of damages. In fact, at trial, just prior to the court's delivery of the charge, counsel for *appellant-Murphy* expressed a fear that the verdict sheet proposed to be submitted to the jury contained a confusing usage of the words "permanent", "definite" and "lifetime". (N.T. at 175–6). Although counsel quickly withdrew his objection, he did so only because the court instructed him that "The law says there has to be a definite term. Lifetime is a definite term." (N.T. 175). Thus, the court had not correctly assessed Pennsylvania law regarding lifetime and definite contracts of employment at the time of the charge.

We note that it is not at all surprising to us that the trial court misapprehended the law relating to employment contracts as it did. This is an area that is not free from confusion in the law of this Commonwealth and it is entirely understandable that a trial court, involved as it is in the "battlefield" atmosphere of a trial, might err at the time of trial. Judge Katz is to be highly commended for his willingness to correct his view of the law after he had ample opportunity to reflect thereon and forthrightly to admit to the error in his charge.

In this case, the facts are somewhat parallel to those presented in *Lucacher*. Although we have previously recognized that an employee can establish rights beyond at-will employment by means other than the additional consideration rule, *Darlington*, 350 Pa.Super. at 210–13, 504 A.2d at 320–1 (Beck, J., concurring), in this case the employee did not attempt to avail himself of any of those other means. There is no claim that there was an employment manual or handbook that gave Murphy a right to dismissal only for cause or to employment for any specific duration. Thus, Murphy's contention that Publicker agreed to employ him for life and that he gave sufficient additional consideration in return for that promise is crucial to Murphy's removal from the at-will doctrine. The trial court's erroneous charge could hardly be seen to have constituted harm-

less error under these circumstances. The errors in the charge went to the heart of Murphy's case and could have been sufficiently prejudicial to Publicker to warrant the grant of a new trial. As previously noted, we need not find that the verdict in fact resulted from the erroneous instructions, but only that it might have. *Vaughn; Kelly.*

Accordingly, the order of the trial court granting Publicker's motion for a new trial is affirmed and the case is remanded for further proceedings consistent with this opinion.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring statement:

I join the majority's excellent discussion pertaining to the error in the trial court's jury instructions which equated a lifetime employment contract with a contract of employment for a specific period. I also agree that the error was not harmless. In reaching this conclusion, however, I find it unnecessary to decide whether an employee can rely upon an employment manual or handbook to establish rights greater than those which would otherwise attach to an employment at will.