## Slusaw v. Lehigh-Northampton Airport Authority

*John P. Karoly Jr.,* for plaintiff.
*Edward H. Feege,* for defendant.

DIEFENDERFER, *J.,* March 26, 1991—We currently have before us for disposition defendant's preliminary objections to plaintiff's second amended complaint.

This case arises out of an alleged oral employment contract. Plaintiff Robert Slusaw joined by his wife Shirley Slusaw commenced this action by praecipe for writ of summons, filed October 3, 1988. The original complaint identified four counts: breach of an oral employment contract; breach of an implied covenant of good faith and fair dealing; age discrimination; and loss of consortium on the part of plaintiff Shirley Slusaw. Upon preliminary objections of defendant Lehigh-Northampton Airport Authority this court, per Honorable Maxwell E. Davison, by order dated July 13, 1989 sustained the demurrers to Counts II and IV (breach of implied covenant of good faith and fair dealing and wife's loss of consortium respectively). On the remaining counts, breach of an oral employment contract and age discrimination, the court ordered a more specific pleading of the factual bases for these claims.

The amended complaint contained two counts, breach of contract and age discrimination pursuant to the Pennsylvania Human Relations Act. Defendant again interposed preliminary objections, pursuant to which this court per the Honorable John E. Backenstoe, *P.J.,* dismissed Count II of the amended complaint (age discrimination) by order dated April 16, 1990. In his accompanying opinion, Judge Backenstoe stated with respect to the breach of contract claim, "we are obliged to require plaintiff to again amend to state with greater particularity the terms of the alleged contract, including parties involved and time, place and manner of execution." (Opinion of Backenstoe, *P.J.,* April 16, 1990, at 5.) Plaintiff subsequently filed an amended complaint on May 16, 1990. The second amended complaint contains one count. Although it is somewhat confusing (as it can be read to allege various causes of action, none of which is specifically named and is

therefore subject to attack for lack of conformity to Pa.R.C.P. 1020(a)) the parties agree that breach of contract is the only cause of action alleged in the second amended complaint. Defendant timely filed the instant preliminary objections in the nature of a demurrer to the second amended complaint. Argument was heard by this court, the Honorable James N. Diefenderfer, on November 2, 1990.

The sole issue for determination at this stage in the proceedings is whether the complaint must be dismissed for failure to state a cause of action upon which relief can be granted. Our standard for review upon demurrer is well-established. A demurrer should not be sustained unless, on the basis of the well-pled facts in the complaint and inferences reasonably deducible therefrom, it is certain that the law will allow no recovery. *Frank v. SEPTA,* 96 Pa. Commw. 221, 506 A.2d 1015 (1986).

The sole issue here is whether the facts averred in the complaint concerning the formation of the alleged contract are sufficient to overcome the presumption that employment contracts are terminable at will by either party for any reason or for no reason absent a statutory or contractual provision to the contrary. *Clay v. Advanced Computer Applications Inc.,* 370 Pa. Super. 497, 510, 536 A.2d 1375, 1382 (1988), *rev'd in part on other grounds,* 522 Pa. 86, 559 A.2d 917 (1989); *Geary v. U.S. Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974). Under certain circumstances, an employee may be able to rebut the presumption by establishing that a contract for a definite period came into existence. *Scott v . Extracorporeal Inc.,* 376 Pa. Super. 90, 95, 545 A.2d 334, 336 (1988). In such cases, it is the employee's burden to show that the parties intended the contract to last for a definite period of time. *Engstrom v. John Nuveen & Co.,* 668 F. Supp. 953, 959 (E.D. Pa.

1987). As the Superior Court explained, such a showing may be made in one of three ways:

"The presumption [can] be overcome by express contract, implied in-fact contract (that is, the surrounding circumstances of the hiring may indicate that the parties did not intend it to be at-will), and additional consideration passing from the employee to the employer (that is, if the employee bestows a legally sufficient benefit or incurs a sufficient detriment for the benefit of the employer beyond the services for which he was hired, a court may infer that the parties intended to overcome the at-will presumption)." *Scott, supra,* at 95, 545 A.2d at 336.

In order to overcome the at-will presumption and show that a contract for a definite duration came into being, the employee must show that the employer made statements to that effect which were sufficiently specific. *Veno v. Meredith,* 357 Pa. Super. 85, 101, 515 A.2d 571, 579 (1986). Paragraph 3 of the complaint contains the sum of plaintiff's allegations concerning the formation of the alleged contract.

"Plaintiff Robert Slusaw began working part-time for defendant Lehigh Northampton Airport Authority (or its legal predecessor, hereinafter simply 'defendant') on or about January 1963. Plaintiff Robert Slusaw and defendant entered into an oral agreement, supported by adequate legal consideration, on or about the first week of June in 1963, following an interview with Wilfred Post who was airport manager for 19 of plaintiff's 22 years at ABE Airport. The meeting between the plaintiff and Mr. Post took place at what is now called the Government Building (formerly the old terminal building), in the office of defendant's airport manager Wilfred Post, which was on the second floor of the premises belonging to defendant Lehigh Northampton Airport Authority.

The plaintiff informed Wilfred Post that he had received a notice from his former employer Mack Trucks to return to its employ. Mr. Post responded by requesting the plaintiff to stay in the employ of the defendant. Post told the plaintiff that he would not be terminated unless he committed misconduct, and that the plaintiff had nothing to worry about. Mr. Post further stated that the plaintiff would be named chief of police in the future due to future needs for more manpower and the expansion of the airport. The conditions of plaintiff Robert Slusaw's hiring were such that, if he surrendered his former employment, forbore from any other employment offers, plaintiff would be guaranteed his employment and intramural advancement until retirement. The contract was executed when the plaintiff accepted said conditions and tendered his performance.''

First, we must consider whether plaintiff's allegation that he was promised employment ''until retirement'' is sufficiently specific to overcome the at-will presumption. The Superior Court has recently given an overview of the recent case law on this issue:

''The promise of 'permanent' employment alone is too broad to be enforced. Pennsylvania appellate decisions have invariably evinced a marked reluctance to enforce employment contracts 'for life' or of similar breadth. Recent cases holding that such promises do not overcome the at-will presumption include: *Ross v. Montour Railroad Co.,* 357 Pa. Super. 376, 516 A.2d 29 (1986) (expectation of 'lifelong' employment alone not sufficient to overcome the at-will rule); *Murphy v. Publicker Industries Inc.,* 357 Pa. Super. 409, 516 A.2d 47 (1986) (promise of lifetime employment is not in itself definite enough to overcome the at-will presumption); *Veno v. Meredith,* 357 Pa. Super. 85, 515 A.2d

571 (1986) (employer's statements to employee, including 'I want to retire together,' held too broad and vague to overcome the at-will presumption); *Darlington v. General Electric,* 350 Pa. Super. 183, 504 A.2d 306 (1986) (employer's statement that employee was hired to work on a 'long-range project' held too vague and unspecified to overcome the at-will presumption); and *Betts v. Stroehmann Bros.,* 355 Pa. Super. 195, 512 A.2d 1280 (1986) (employee's understanding that employment was to be 'long term' insufficient to overcome the at-will presumption)." *Scott, supra,* at 96, 545 A.2d at 337.

We find that plaintiff's allegation, that he was promised employment "until retirement" is no less vague than the promise of "lifelong" employment in *Murphy, supra.* Indeed, we discern no fundamental difference in effect between "until retirement" and "lifetime." "Lifetime" employment like employment "until retirement" will ordinarily terminate either upon the retirement or the death of the employee. Moreover, since an employee may usually take his retirement over a range of years, employment "until retirement" is in fact no more a "definite duration" than employment "for life." Therefore, we hold that on the basis of the facts alleged in the complaint plaintiff will not be able to overcome the presumption of at-will employment.

Nor has plaintiff averred sufficient facts amounting to "additional consideration" to rebut the at-will presumption. Plaintiff offers three examples of additional consideration: (1) that he surrendered his former employment; (2) that he forbore acceptance of other offers of employment; and (3) that he was required to abide by a "code of discipline." Our review of Pennsylvania case law reveals no case in which surrender of or forbearance from other employment was held to amount to "additional consid-

eration." See, e.g., *Veno v. Meredith, supra; Clay v. Advanced Computer Applications Inc., supra.*

We believe that the Superior Court's opinion in *Darlington, supra,* is applicable to the instant case. There the court stated at 202, 504 A.2d at 315:

"In the instant case, we find that appellant did not render additional consideration sufficient to overcome the at-will presumption. The fact that appellant decided to forego any opportunity at Honeywell, his former employer, to assume a supervisory position when he went to work for General Electric appears to us not to be a sufficient detriment to constitute sufficient additional consideration, but rather was simply a reasoned choice of a new career goal. Termination by General Electric 15 years into his service does not qualify as 'great hardship or loss' to appellant which both parties contemplated at the time the contract was made."

Finally, we are aware of no cases in which adherence to a code of discipline was held to amount to "additional consideration." See, e.g., *Scott v. Extracorporeal Inc., supra.* Further, we think that adherence to an employee handbook or code of discipline will rarely, if ever, amount to an "extraordinary detriment" to the employee or an "extraordinary benefit" to the employer contemplated by the "additional consideration" rule. *Darlington, supra,* at 201, 504 A.2d at 315.

For the foregoing reasons, the instant complaint must be dismissed for failure to state a cause of action, and because of this disposition, defendant's other preliminary objections need not be discussed.

## ORDER

Now, March 26, 1991, upon due consideration of the briefs of the parties and their arguments before

this court, for the reasons stated in the attached opinion, it is ordered that defendant's preliminary objection in the nature of a demurrer is sustained and, accordingly, plaintiff's second amended complaint is dismissed for failure to state a cause of action upon which relief can be granted.